IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KI ALLAN MALONE, §
TDCJ #601691, §
 §
    Petitioner, §
 §
v. §
 § CIVIL ACTION NO. H-17-3676
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
    Respondent. §

## MEMORANDUM OPINION AND ORDER

Texas inmate Ki Allan Malone has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from a prison disciplinary conviction. After considering the pleadings and the applicable law, the court will dismiss this action for the reasons explained below.

### I. Background

Malone is currently serving a life sentence in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of a conviction that was entered against him in the 69th District Court of Moore County, Texas.[1] Malone seeks relief in the form of a federal writ of habeas corpus to challenge a prison disciplinary conviction that was entered against him at

---

[1]Petition, Docket Entry No. 1, p. 2.

the Huntsville Unit, where he is currently confined.[2] In particular, Malone challenges a conviction entered against him on August 23, 2017, in disciplinary case number 20170376222, for having a clothesline hanging in his cell after 7:00 a.m. in violation of a posted prison rule.[3] As a result of this disciplinary conviction, Malone lost recreational privileges for ten days.[4] Malone filed grievances to challenge the conviction, but his appeals were unsuccessful.[5]

Malone argues that the disciplinary charges were "false" because they were issued by an officer who was not present and did not witness the offense in violation of "TDCJ Employee Conduct Codes."[6] Malone contends further that he was convicted of an offense that he did not commit and that his grievances were not adequately investigated.[7] Malone contends, therefore, that he is entitled to relief because he was convicted in violation of his right to Due Process.[8]

---

[2] Id. at 1, 5.

[3] TDCJ Disciplinary Report and Hearing Record, Docket Entry No. 1-1, p. 6.

[4] Id. at 5.

[5] Step 1 and Step 2 Grievance Forms, Docket Entry No. 1-1, pp. 1-5.

[6] Petition, Docket Entry No. 1, p. 7.

[7] Id. at 6.

[8] Id. at 6-7.

## II. Prison Disciplinary Proceedings

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). A Texas prisoner cannot demonstrate a Due Process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000).

Malone admits that he is not eligible for mandatory supervision and that he did not lose any previously earned good-time credit as the result of his disciplinary conviction.[9] The only sanction imposed during his disciplinary proceeding was the loss of recreational privileges for ten days. The Fifth Circuit has decided that disciplinary sanctions resulting in the loss of privileges do not pose an "atypical" or "significant" hardship that

---

[9]Petition, Docket Entry No. 1, p. 5.

implicates a constitutionally protected liberty interest of the sort protected by the Due Process Clause. See <u>Madison v. Parker</u>, 104 F.3d 765, 768 (5th Cir. 1997) (observing that limitations imposed on commissary privileges and temporary cell restrictions are "merely changes in the conditions of [an inmate's] confinement and do not implicate due process concerns"). Because Malone cannot establish a violation of constitutional proportion under these circumstances, his Petition must be dismissed for failure to state a claim upon which relief may be granted.

### III. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000)). The court concludes that jurists of reason would not debate the assessment of the petitioner's claims or whether the petitioner has demonstrated the violation of a constitutional right. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Ki Allan Malone (Docket Entry No. 1) is **DENIED**, and this case will be dismissed with prejudice.

2. A certificate of appealability is **DENIED**.

3. Malone's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 6th day of December, 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE